**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carlos Alejandro Frasquillo, | ) | No. CV-11-463-TUC-BGM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Charles L. Ryan, et al. | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Currently pending before the Court is Petitioner Carlos A. Frasquillo's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. 1) and Motion for Status of Case (Doc. 14). Respondents have filed an Answer to Petitioner for Writ of Habeas Corpus ("Answer") (Doc. 10) and Petitioner has filed a Reply to the Attorney General's Response for Writ of Habeas Corpus (Doc. 11).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Arizona Superior Court, Pima County stated the facts[1] as follows:

---

[1] As these state court findings are entitled to a presumption of correctness and Petitioner has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts these factual findings. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473-74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007); *Wainwright v. Witt*, 469 U.S. 412, 426, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985); *Cf. Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

[O]n April 16, 2008, . . . the Petitioner was fleeing from a police officer. The Petitioner's license was suspended, and it was later discovered that he had a metabolite of marijuana in his blood. During the chase, the Petitioner raced around oncoming traffic at speeds exceeding 100 miles per hour and drove in oncoming lanes and over blind hills. The Petitioner forced vehicles off the road and caused a collision that resulted in an injury to Stephanie Parraz that caused her to lose her unborn child.

Answer (Doc. 10), In Chambers Ruling, re: Petition for Post Conviction Relief 11/29/2010 (Exh. "B") at 1.

A jury convicted Carlos A. Frasquillo of "two counts of aggravated assault, one count of aggravated driving with an illegal drug or metabolite in his system while his driver license was suspended (DUI), one count of manslaughter, and various other charges." Answer (Doc. 10), Arizona Court of Appeals Mem. Decision 4/7/2011 (Exh. "C") at 2. Petitioner was sentenced "to 10.5 years for Manslaughter, 7.5 years for each count of Aggravated Assault, 2.5 years for Aggravated Driving Under the Influence/Drug or Metabolite, 2.5 years for Criminal Damage, 1.5 years for Fleeing from Law Enforcement, and 2.5 years for each count of Endangerment." Answer (Doc. 10), Exh. "B" at 1. "The Manslaughter sentence was to run consecutive to the Aggravated Assault sentences, which would run concurrent to each other, and the Aggravated Driving Under the Influence/Drug or Metabolite sentence was to run consecutive to each of the Manslaughter and Aggravated Assault sentences." *Id.* "The endangerment sentences would each run concurrent to each other but consecutive to the above groupings." *Id.* at 1-2. "The Criminal Damage and Fleeing from Law Enforcement sentences would run concurrent to every other sentence." *Id.* at 2.

## A.    *Direct Appeal*

Petitioner appealed his convictions to the Arizona Court of Appeals, raising the single claim that the trial court erred in allowing the State to show an "emotionally charged video" at sentencing. Answer (Doc. 10), Appellant's Opening Brief (Exh. "A") at 14.

On November 27, 2009, the Arizona Court of Appeals affirmed Petitioner's convictions. *See* Petition (Doc. 1), Arizona Court of Appeals Mem. Decision 11/27/2009 (Exh. "F"). The Arizona Court of Appeals found that Petitioner had not fulfilled his "duty 'to see that the record before [the court] contains the material to which [he] take[s]

exception.'" Petition (Doc. 1), Exh. "F" at 5 (citations omitted) (2d and 3d alterations in original).  The court declined to "speculate on the contents of the videotape presented during the sentencing hearing and therefore affirm Frasquillo's convictions and sentences."  *Id.*

Petitioner did not file a petition for review with the Arizona Supreme Court.

### B.    Post-Conviction Relief Proceeding

On September 30, 2010, Petitioner filed his petition for post-conviction relief.  Petition (Doc. 1) at 12.  Petitioner claimed, *inter alia*, that 1) the state court's order that the aggravated DUI sentence run consecutively to the manslaughter sentences violated A.R.S. § 13-116 and his state and federal rights against double punishment; and 2) Petitioner was denied his Sixth Amendment right to effective assistance of counsel when his trial and appellate attorneys failed to challenge the state court's sentencing order.  Petition (Doc. 1) at 13-14.

On November 29, 2010, the trial court dismissed Petitioner's post-conviction relief petition.  *See* Answer (Doc. 10), Exh. "B."  The court noted that pursuant to *Missouri v. Hunter*, 459 U.S. 359, 366 (1983), "the Double Jeopardy Clause is only implicated if the legislature and the Arizona Supreme Court crafted unconstitutional statues and rules."  Answer (Doc. 10), Exh. "B" at 2.  The state court went on to analyze Petitioner's claim regarding consecutive sentences in light of A.R.S. § 13-116 and the test delineated by the Arizona Supreme Court in *State v. Gordon*, 161 Ariz. 308, 315, 778 P.2d 1204, 1211 (1989).  Answer (Doc. 10), Exh. "B" at 3.  The trial court concluded that "Petitioner did not receive double punishment for the same acts." *Id.* at 4.  Moreover, his "commission of Manslaughter and Aggravated Assault [were] different acts from his commission of Aggravated Driving Under the Influence/Drug or Metabolite[,]" and therefore the consecutive sentences were proper.  *Id.*

The court additionally held that Petitioner's claim of ineffective assistance of trial and appellate counsel failed because the court "properly imposed consecutive sentences on the Petitioner[,] [and] [t]herefore, the Petitioner cannot establish that he suffered prejudice as a result of his counsels' actions or lack thereof."  *Id.* at 5.  As such, Petitioner "failed to

establish the second prong" under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and his ineffective assistance of counsel claim was unsustainable. *Id.* Accordingly, the trial court summarily dismissed Petitioner's PCR petition. *See id.*

Petitioner filed a petition for review by the Arizona Court of Appeals. On April 7, 2011, the Arizona Court of Appeals granted review, but denied relief. Answer (Doc. 10), Exh. "C." Upon review of the trial court's minute entry, the court of appeals analyzed Petitioner's claim pursuant to A.R.S. § 13-116 and *State v. Gordon*, *supra*. *Id.* at 2-4. The court "[t]herefore conclude[d] Frasquillo's conduct did not constitute a single act and thus the trial court's imposition of consecutive sentences did not violate § 13-116." *Id.* at 6. As such, the court further concluded that Petitioner had "failed to state a colorable claim for relief" with regard to both the consecutive sentences and the alleged ineffective assistance of counsel. *See* Answer (Doc. 10), Exh. "C." Petitioner did not seek review with the Arizona Supreme Court.

### C.    *The Instant Habeas Proceeding*

On August 1, 2011, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner claims four (4) grounds for relief. First, Petitioner asserts a claim for "[i]naffective assistance of counsel at every critical stage, in violation of the 6th Amendment to the United States Constitution and it's [sic] Arizona counterpart." Petition (Doc. 1) at 6. Second, Petitioner asserts "prosecutorial misconduct in violation of ethical rules of professional conduct." *Id.* at 7. Third, Petitioner claims "Due Process violations, [which] caused fundamental errors that's [sic] reflected by the record." *Id.* at 8. Fourth, Petitioner asserts a "5th Amendment infraction, not to incriminate oneself or be subjected to multiple punishments by double counting aggravating factors at sentencing." *Id.* at 9. Respondents filed their Answer to Petition for Writ of Habeas Corpus (Doc. 10), and Petitioner replied (Doc. 11).

. . .

. . .

. . .

1   **II.     STANDARD OF REVIEW**

2        ***A.     In General***

3        The federal courts shall "entertain an application for a writ of habeas corpus in behalf

4   of a person in custody pursuant to the judgment of a State court only on the ground that he

5   is in custody *in violation of the Constitution or laws or treaties of the United States*."  28

6   U.S.C. § 2254(a) (emphasis added).  Moreover, a petition for habeas corpus by a person in

7   state custody:

8        shall not be granted with respect to any claim that was adjudicated on the
         merits in State court proceedings unless the adjudication of the claim – (1)
9        resulted in a decision that was contrary to, or involved an unreasonable
         application of, clearly established Federal law, as determined by the Supreme
10       Court of the United States; or (2) resulted in a decision that was based on an
         unreasonable determination of the facts in light of the evidence presented in
11       the State court proceeding.

12   28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, — U.S. — , 131 S.Ct. 1388, 1398, 179

13   L.Ed.2d 557 (2011).  Correcting errors of state law is not the province of federal habeas

14   corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385

15   (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and

16   federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d

17   662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d

18   931 (2003)).  Furthermore, this standard is difficult to meet and highly deferential "for

19   evaluating state-court rulings, [and] which demands that state-court decisions be given the

20   benefit of the doubt." *Pinholster*, 131 S.Ct. at 1398 (citations and internal quotation marks

21   omitted).

22        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat.

23   1214, mandates the standards for federal habeas review.  *See* 28 U.S.C. § 2254.  "AEDPA

24   erects a formidable barrier to federal habeas relief for prisoners whose claims have been

25   adjudicated in state court." *Burt v. Titlow*, — U.S. —, 134 S.Ct. 10, 16, 187 L.Ed.2d 348

26   (2013).  Federal courts reviewing a petition for habeas corpus must "presume the correctness

27   of state courts' factual findings unless applicants rebut this presumption with 'clear and

28   convincing evidence.'" *Schriro v. Landrigen*, 550 U.S. 465, 473-74, 127 S.Ct. 1933, 1940,

1   167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)).  Moreover, on habeas review, the

2   federal courts must consider whether the state court's determination was unreasonable, not

3   merely incorrect.  *Id.*, 550 U.S. at —, 127 S.Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976,

4   987 (9th Cir. 2013).  Such a determination is unreasonable where a state court properly

5   identifies the governing legal principles delineated by the Supreme Court, but when the court

6   applies the principles to the facts before it, arrives at a different result.  *See Harrington v.*

7   *Richter*, — U.S. —, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Williams v. Taylor*, 529 U.S.

8   362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905

9   (9th Cir. 2004).  "AEDPA requires 'a state prisoner [to] show that the state court's ruling on

10  the claim being presented in federal court was so lacking in justification that there was an

11  error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S.Ct. at 10

12  (quoting *Harrington*, 562 U.S. at —, 131 S.Ct. at 786-87) (alterations in original).

13  **B.    *Exhaustion of State Remedies***

14  Prior to application for a writ of habeas corpus, a person in state custody must exhaust

15  all of the remedies available in the State courts.  28 U.S.C. § 2254(b)(1)(A).  This "provides

16  a simple and clear instruction to potential litigants: before you bring any claims to federal

17  court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509,

18  520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).  As such, the exhaustion doctrine gives

19  the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal

20  rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004)

21  (internal quotations omitted).  Moreover, "[t]he exhaustion doctrine is principally designed

22  to protect the state courts' role in the enforcement of federal law and prevent disruption of

23  state judicial proceedings." *Rose v. Lundy*, 455 U.S. at 518, 102 S.Ct. at 1203 (internal

24  citations omitted).  This upholds the doctrine of comity which "teaches that one court should

25  defer action on causes properly within its jurisdiction until the courts of another sovereignty

26  with concurrent powers, and already cognizant of the litigation, have had an opportunity to

27  pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590,

28  94 L.Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, §23.3b (4th ed. 1998)).

In Arizona, however, for "cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon

direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

### C.    Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S.Ct. at 2554. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Ninth Circuit explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 at 728, 111 S.Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no power to review a

state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot

1  overcome the procedural default and gain review by the federal courts. *Id.*, 106 S.Ct. at
2  2649.

3      The Supreme Court has recognized, however, that "the cause and prejudice standard
4  will be met in those cases where review of a state prisoner's claim is necessary to correct 'a
5  fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546,
6  115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac* 456 U.S. 107, 135, 102 S.Ct. 1558, 1572-73,
7  71 L.Ed.2d 783 (1982)).  "The fundamental miscarriage of justice exception is available
8  'only where the prisoner *supplements* his constitutional claim with a colorable showing of
9  factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d
10  203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct.
11  2616, 2627, 91 L.Ed.2d 364 (1986)).  Thus, "'actual innocence' is not itself a constitutional
12  claim, but instead a gateway through which a habeas petitioner must pass to have his
13  otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404,
14  113 S.Ct. at 862.  Further, in order to demonstrate a fundamental miscarriage of justice, a
15  habeas petitioner must "establish by clear and convincing evidence that but for the
16  constitutional error, no reasonable factfinder would have found [him] guilty of the underlying
17  offense."  28 U.S.C. § 2254(e)(2)(B).

18      In Arizona, a petitioner's claim may be procedurally defaulted where he has waived
19  his right to present his claim to the state court "at trial, on appeal or in any previous collateral
20  proceeding."  Ariz. R. Crim. P. 32.2(a)(3).  "If an asserted claim is of sufficient constitutional
21  magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently'
22  waived the claim."  *Id.*, 2002 cmt.  Neither Rule 32.2 nor the Arizona Supreme Court has
23  defined claims of "sufficient constitutional magnitude" requiring personal knowledge before
24  waiver.  *See id.*; *See also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002).  The Ninth
25  Circuit recognized that this assessment "often involves a fact-intensive inquiry" and the
26  "Arizona state courts are better suited to make these determinations."  *Cassett*, 406 F.3d at
27  622.

28

**III.    STATUTE OF LIMITATIONS**

The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Generally, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1) mandates that the one year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondents do not dispute the timeliness of Frasquillo's Petition. The Court has independently reviewed the record and finds that the Petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

**IV.    ANALYSIS**

**A.    *Ground One: Ineffective Assistance of Counsel***

Petitioner asserts that trial and appellate counsel were ineffective "at every critical stage." Petition (Doc. 1) at 6. Petitioner states that "[a]n effective trial attorney and appellant counsel should have fulfilled their basic duties as advisors by keeping this Petitioner 'abreast' of important information and decisions of the higher courts." *Id.* Petitioner argues that "since neither [counsel] produced just results[,] counsel must not have

performed to their best ability.  *Id.*  Petitioner further asserts that he "most definitely received ineffective assistance, simply because briefs and petitions for review were submitted under false pretenses by both counselors[,] . . . [and] because the addition of a single mitigating factor would mean that the sentencing calculus could change."  *Id.*  Moreover, "[i]f appellate counsel did fail to raise a significant and obvious issue as alleged by Rule (32) counsel, that failure must be viewed as deficient performance and prejudice must be inferred from that performance."  *Id.*

> A petition for habeas corpus by a person in state custody:
>
> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, — U.S. — , 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  Further, the exhaustion requirement cautions petitioners "before you bring any claims to federal court, be sure that you first have taken each one to state court."  *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A).  "As a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion."  *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original).  This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies."  *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).  This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]"  *Id.*  As such, "a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated instances of counsel's ineffectiveness to that claim."  *Id.* (citations and internal quotations omitted); *see also Date v. Schriro*, 619 F.Supp.2d 736, 788 (D. Ariz. 2008) ("Petitioner's

1  assertion of a claim of ineffective assistance of counsel based on one set of facts, does not

2  exhaust other claims of ineffective assistance based on different facts").

3  **1.  Claim for failure to challenge consecutive sentences**

4  Petitioner initially raised a claim for ineffective assistance of counsel in his first

5  petition for post-conviction relief. Petition (Doc. 1) at 13. Petitioner's PCR petition asserted

6  that his "[t]rial and appellate counsel were ineffective in failing to challenge the consecutive

7  sentence for aggravated DUI." *Id.* at 17.   In consideration of that petition, the court of

8  appeals analyzed Petitioner's claim that the trial court improperly subjected him to double

9  punishment when it imposed consecutive sentences on his DUI conviction and his

10  manslaughter conviction. Answer (Doc. 10), Exh. "C" at 2.  Relying on *State v. Gordon*, 161

11  Ariz. 308, 778 P.2d 1204 (1989), the Arizona Court of Appeals found that "the trial court's

12  imposition of consecutive sentences did not violate [A.R.S.] § 13-116." *See* Answer (Doc.

13  10), Exh. "C."  "Consequently, neither trial nor appellate counsel was ineffective in failing

14  to challenge the consecutive sentences." *Id.* at 6.  The trial court had found that Petitioner

15  "failed to establish the second prong of *Strickland*" and thereby determined that his

16  ineffective assistance of counsel claim must fail.  Answer (Doc. 10), Exh. "B" at 5.  In

17  affirming the trial court, the court of appeals agreed "that Frasquillo had failed to state a

18  colorable claim for relief[.]"  Answer (Doc. 10), Exh. "C" at 2.

19  For cases which have been fairly presented to the State court, the Supreme Court

20  elucidated a two part test for determining whether a defendant could prevail on a claim of

21  ineffective assistance of counsel sufficient to overturn his conviction. *See Strickland v.*

22  *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, Petitioner must

23  show that counsel's performance was deficient. *Id.* at 687, 104 S.Ct. at 2064. "This requires

24  showing that counsel made errors so serious that counsel was not functioning as the 'counsel'

25  guaranteed the defendant by the Sixth Amendment." *Id.* Second, Petitioner must show that

26  this performance prejudiced his defense. *Id.* Prejudice "requires showing that counsel's

27  errors were so serious as to deprive the defendant of a fair trial whose result is reliable." *Id.*

28  Ultimately, whether or not counsel's performance was effective hinges on its reasonableness

1    under prevailing professional norms. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *see also*

2    *State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for

3    ineffective assistance of counsel claims). The Sixth Amendment's guarantee of effective

4    assistance is not meant to "improve the quality of legal representation," rather it is to ensure

5    the fairness of trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "Thus, '[t]he benchmark

6    for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined*

7    the proper functioning of the adversarial process that the trial cannot be relied on as having

8    produced a just result.'" *Pinholster*, — U.S. at —, 131 S.Ct. at 1403 (quoting *Strickland*, 466

9    at 686) (emphasis and alteration in original).

10       "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . .

11    . and when the two apply in tandem, review is 'doubly' so[.]" *Harrington*, — U.S. at —, 131

12    S.Ct. at 788 (citations omitted). Judging counsel's performance must be made without the

13    influence of hindsight. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As such, "the

14    defendant must overcome the presumption that, under the circumstances, the challenged

15    action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S.

16    91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955). Without the requisite showing of either

17    "deficient performance" or "sufficient prejudice," Petitioner cannot prevail on his

18    ineffectiveness claim. *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071. "[T]he question is not

19    whether counsel's actions were reasonable. The question is whether there is any reasonable

20    argument that counsel satisfied *Strickland's* deferential standard." *Gentry v. Sinclair*, – F.3d

21    705 F.3d 884, 899 (9th Cir. 2013) (quoting *Harrington v. Richter*, – U.S. – , – , 131 S.Ct.

22    770, 788, 178 L.Ed.2d 624 (2011)) (alterations in original). "The challenger's burden is to

23    show 'that counsel made errors so serious that counsel was not functioning as the 'counsel'

24    guaranteed the defendant by the Sixth Amendment.'" *Harrington*, — U.S. at —, 131 S.Ct.

25    at 787 (citations omitted). Accordingly, "[w]e apply the doubly deferential standard to

26    review the state court's 'last reasoned decision.'" *Vega v. Ryan*, — F.3d —, 2014 WL

27    2019294 (9th Cir. 2014) (citations omitted).

28

"By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in 2254(d)(1) and (d)(2)." *Harrington*, – U.S. at –, 131 S.Ct. at 784.  The Arizona Court of Appeals did not expressly rely on *Strickland* in its Memorandum Decision; however, it expressly affirmed the trial court's findings which did rely on *Strickland.*  The state court reasonably held that trial and appellate counsels' failure to object to the consecutive sentences did not result in prejudice to Petitioner.  As such, the Arizona courts did not unreasonably apply clearly established Federal law, and Petitioner cannot meet his burden to show prejudice.  *See Gulbrandson*, 738 F.3d at 991. Therefore, Petitioner's ineffective assistance of counsel claim regarding counsels' failure to object to his consecutive sentences must fail.   *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

### 2.  Additional claims

Petitioner's additional claims include that trial and appellate counsel were ineffective "at every critical stage[,]" that they did not fulfill their duties as advisors, and that they submitted briefs and petitions under false pretenses.  Petition (Doc. 1) at 6.  Petitioner did not present any of these claims to the State court, and they would now be precluded.  Ariz. R. Crim. P. 32.2(a)(3).  As such, Petitioner's additional claims regarding trial and appellate counsels' alleged ineffectiveness are unexhausted, and as a result, procedurally defaulted. *Hemmerle*, 495 F.3d at 1075 ("a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated instances of counsel's ineffectiveness to that claim").  Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner asserts in his Reply (Doc. 11) that he is "welcomed to offer 'newly discovered evidence' in a federal forum."  Reply (Doc. 11) at 2 (emphasis in original).  Any due process claim regarding newly discovered evidence, however, was required to be brought before the state

1   court, but was not.  "Newly discovered material facts" are an exception to preclusion in the

2   state court proceeding; however, nothing in the record before this Court indicates that "newly

3   discovered material facts probably exist."  Ariz. R. Crim. P. 32.1(e) & 32.2.  "Because

4   [Petitioner] has offered no cause for procedurally defaulting his claims of ineffective

5   assistance of counsel, there is no basis on which to address the merits of his claims."

6   *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996).

7                    **B.     Ground Two: Prosecutorial Misconduct**

8            Petitioner asserts a claim for relief based upon "prosecutorial misconduct, in violation

9   of Ethical Rules of Professional Conduct."  Petition (Doc. 1) at 7.  Petitioner goes on to state

10  that "[e]ven if individual acts of misconduct did not warrant reversal on direct appeal, it's the

11  cumulative affect of persistent and persuasive misconduct that's being meticulously

12  pinpointed for review."  *Id.*  Petitioner further states that "[t]he complete record shows that

13  not an ounce of mercy was every shown to Petitioner during any proceeding and the

14  prejudice that's resulted from those proceedings is incalcuble [sic]."  *Id.*

15           Petitioner failed to raise this claim at any time before the state courts, and as such it

16  is not exhausted.  Further, the Arizona rules preclude Petitioner from obtaining relief for this

17  claim in the state courts now, absent an applicable exception, which Petitioner does not

18  assert.  *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a)(3), 32.4.  Therefore, Petitioner's claim

19  regarding prosecutorial misconduct is unexhausted and procedurally defaulted.  *Coleman*,

20  501 at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted) (recognizing that where a "petitioner

21  failed to exhaust state remedies and the court to which the petitioner would be required to

22  present his claims in order to meet the exhaustion requirement would now find the claims

23  procedurally barred").

24           Where a habeas petitioner's claim has been procedurally defaulted, the federal courts

25  are prohibited from subsequent review unless the petitioner can show cause and actual

26  prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d

27  334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal

28  habeas review unless petitioner demonstrated cause and prejudice).  Petitioner failed to show

1   cause or demonstrate any actual prejudice, and as such the Court will not consider the merits

2   of this claim.

3   ### C.   Ground Three:  Due Process Violations

4   Petitioner asserts a claim for due process violations.  "Petitioner contends that his

5   defense was '<u>tainted</u>' by prejudice spill-over and deprived him of his right to present a

6   complete defense." Petition (Doc. 1) at 8 (emphasis in original).  Petitioner further contends

7   that "there is a possibility that [he] was convicted on deficient jury instructions, [which] is

8   fundamental, prejudicial error, if it had a tendency to make the existence of a material fact

9   more probable." *Id.*  Petitioner further argues that he was "ill-served [ ] every step of the way

10   and the lack of objections during trial and to (R.A.J.I.) cannot be attributed to sound trial

11   strategy or sound judgement [sic]."  *Id.*  Petitioner believes that "trial counsel miserably

12   failed to give '<u>alternative instructions</u>' to the jury, to try and counter the State's malicious

13   prosecution."  Reply (Doc. 11) at 9 (emphasis in original).  Petitioner further argues that

14   "[t]rial counsel failed to '<u>object</u>' to the special verdict form and to (R.A.J.I.) instructions, <u>that</u>

15   <u>were implemented</u> . . . [in] blatant disregard of his duties[.]" *Id.* at 10 (emphasis in original).

16   Petitioner believes that "[t]he state's [sic] courts rulings [sic] are trumping the facts, because

17   more mitigating evidence could have been presented to sustain concurrent terms."  Petition

18   (Doc. 1) at 8.  "Petitioner's position is that the use of a metabolite in his blood and the

19   '<u>seriousness</u>' of the injury to the victim(s) cannot be double counted to prove 'guilt' and then

20   sustain (three) presumptive consecutive sentences."  Reply (Doc. 11) at 17 (emphasis in

21   original).

22   To the extent that Petitioner is bringing an ineffective assistance of counsel claim

23   beyond that discussed in section IV.A., *supra*, he failed to bring them before the Arizona

24   state court and he would be precluded from bringing them now, absent a relevant exception

25   which he does not assert.  *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a)(3), 32.4.  Therefore, any

26   additional claim regarding ineffective assistance of counsel is unexhausted and procedurally

27   defaulted.  *Coleman*, 501 at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted) (recognizing

28   that where a "petitioner failed to exhaust state remedies and the court to which the petitioner

1   would be required to present his claims in order to meet the exhaustion requirement would

2   now find the claims procedurally barred").  Petitioner does not assert any facts to support a

3   claim for cause or prejudice as a result of this default, and the Court will not address it.

4          To the extent that Petitioner is asserting a claim regarding the state court's imposition

5   of consecutive sentences, Petitioner presented it to the state courts who analyzed it pursuant

6   to state law.  *See* Answer (Doc. 10), Exh. "C."  Petitioner refers to a Double Jeopardy claim

7   in his Reply (Doc. 11), but as the state courts noted, the Double Jeopardy clause "does no

8   more than prevent the sentencing court from prescribing greater punishment than the

9   legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d

10  535 (1983).  Moreover, the state court appropriately addressed this issue.  Therefore, such

11  a claim is procedurally barred from habeas review.  *Coleman v. Thompson*, 501 U.S. 722,

12  728, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991) (recognizing federal courts "will not

13  review a question of federal law decided by a State court if the decision of that court rests on

14  a state law ground that is independent of the federal question and adequate to support the

15  judgment"); s*ee also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594

16  (1977).

17          **D.      *Ground Four: Fifth Amendment Violation***

18          Petitioner asserts that "the right not to incriminate oneself is conceptualized in the

19  State's insidious innuendos criminal prosecutions must comport with prevailing [sic] notions

20  of fundamental fairness." Petition (Doc. 1) at 9. Petitioner further argues that his "testimony

21  on the stand, coupled with this [sic] court's amended instructions, lessened the State's

22  Burden of Proof and deprived Petitioner of his (basic) right to have the State's case encounter

23  and survive the crucial meaning of adversarial testing." *Id.*  Petitioner takes issue with the

24  State having "had no problem assisnating [sic] Petitioner's character on the stand." *Id.*

25  Petitioner believes that "the jury was clearly placed in a predicament to convict petitioner

26  based on his past character traits and could not remain fair and impartial." *Id.*  Petitioner

27  further argues that "double jeopardy prohibits double counting of aggravating factors as well

28  as multiple punishments for the same offense." *Id.*

1    The record is devoid of any evidence to suggest that Petitioner was forced to make any

2    statements in violation of his Fifth Amendment rights.  Moreover, Petitioner did not present

3    this argument at any time to the state court.  As such, it is not exhausted and the Arizona

4    rules preclude Petitioner from obtaining relief for this claim in the state courts now, absent

5    an applicable exception, which Petitioner does not assert.  *See* Ariz. R. Crim. P. 32.1(d)-(h),

6    32.2(a)(3), 32.4.  Therefore, Petitioner's claim regarding any alleged Fifth Amendment

7    violation is unexhausted and procedurally defaulted.  *Coleman*, 501 at 735 n.1, 111 S.Ct. at

8    2557 n.1 (citations omitted) (recognizing that where a "petitioner failed to exhaust state

9    remedies and the court to which the petitioner would be required to present his claims in

10   order to meet the exhaustion requirement would now find the claims procedurally barred").

11   Where a habeas petitioner's claim has been procedurally defaulted, the federal courts

12   are prohibited from subsequent review unless the petitioner can show cause and actual

13   prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d

14   334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal

15   habeas review unless petitioner demonstrated cause and prejudice).  Petitioner failed to show

16   cause or demonstrate any actual prejudice, and as such the Court will not consider the merits

17   of this claim.

18   To the extent that Petitioner is asserting a claim regarding the state court's imposition

19   of consecutive sentences, such a claim is procedurally defaulted and barred from review.  *See*

20   Section IV.C., *supra*.

21   ### E.    Claims in Reply

22   Any new issues raised for the first time in Petitioner's reply brief are waived.  *See*

23   *United States v. Anekwu*, 695 F.3d 967, 985 (9th Cir. 2012), *cert . denied*, — U.S. —, 133

24   S.Ct. 2379, 185 L.Ed.2d 1094 (2013); *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir.

25   2005).  Petitioner claims that he "is entitled to an evidentiary hearing and the appointment

26   of counsel.".  Reply (Doc. 11) at 21.  The Supreme Court of the United States has held "that

27   review under § 2254(d)(1) is limited to the record that was before the state court that

28

1   adjudicated the claim on the merits." *Pinholster*, — U.S. at —, 131 S.Ct. at 1398.

2   Furthermore, Section 2254(e)(2) provides:

3       If the applicant has failed to develop the factual basis of a claim in State court
        proceedings, the court shall not hold an evidentiary hearing on the claim unless
4       the applicant shows that –

5           (A) the claim relies on –

6               (i) a new rule of constitutional law, made retroactive to cases on
                collateral review by the Supreme Court, that was previously
7               unavailable; or

8               (ii) a factual predicate that could not have been previously
                discovered through the exercise of due diligence; and
9
        (B) the facts underlying the claim would be sufficient to establish by
10      clear and convincing evidence that but for constitutional error, no
        reasonable fact-finder would have found the applicant guilty of the
11      underlying offense.

12  28 U.S.C. § 2254(e)(2).  Moreover, "[i]ndigent state prisoners applying for habeas corpus

13  relief are not entitled to appointed counsel unless the circumstances of a particular case

14  indicate that appointed counsel is necessary to prevent due process violations." *Chaney v.*

15  *Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th

16  Cir. 1970) (per curiam).  The record before the Court does not support Petitioner's claims

17  that he is entitled to either appointed counsel or an evidentiary hearing.

18

19  **V.   CASE STATUS**

20      Petitioner has filed a Motion for Status of Case (Doc. 14).  To the extent this

21  document request a ruling and a copy of the docket sheet, it will be granted.  It will be denied

22  as to any other request for relief.

23

24  **VI.   CONCLUSION**

25      Based upon the foregoing, the Court will deny Petitioner's petition.  Accordingly, IT

26  IS HEREBY ORDERED:

27      1.  Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a

28  Person in State Custody is DENIED;

2.   Petitioner's Motion for Status of Case (Doc. 14) is GRANTED in part and DENIED in part;

3.   The Clerk of the Court shall send a copy of the docket sheet in this case to Petitioner;

4.   This matter is DISMISSED with prejudice; and

5.   The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 5th day of September, 2014.

_____
Bruce G. Macdonald
United States Magistrate Judge

- 21 -